**UNITED STATES of America,**

v.

**Rodney PAGAN.**

**Criminal Action No. 02–415–01.**

United States District Court,
E.D. Pennsylvania.

April 3, 2003.

Bea L. Witzleben, U.S. Attorney, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Defender Association of Philadelphia, PA, for Defendant.

## MEMORANDUM

RUFE, District Judge.

The Court writes in support of the Sentence imposed in this case on March 10, 2003 [Doc. # 23]. On March 18, 2003, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit [Doc. # 24]. This Memorandum is filed pursuant to Local Appellate Rule 3.1.[1]

Defendant was indicted by the Grand Jury on one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Doc. # 1],

---

1. Defendant's Notice of Appeal does not include a summary of issues which he is planning to raise on appeal, and thus the Court can only speculate as to how it might draft a Memorandum that will assist the Court of Appeals in its review. The Court joins the suggestion of the court in *United States v.* *Jasin* that the Court of Appeals amend L.A.R. 3.1 to require an appellant to file concurrently with its notice of appeal a notice of issues to be raised. *See* 25 F.Supp.2d 551, 555 n. 1 (E.D.Pa.1998) (DuBois, J.), *aff'd*, 191 F.3d 446 (3d Cir.1999), *cert. denied*, 528 U.S. 1139, 120 S.Ct. 986, 145 L.Ed.2d 935 (2000).

and a Bench Warrant issued for his arrest on July 16, 2002 [Doc. # 2]. On August 29, 2002, Defendant made his initial appearance before the Honorable Jacob P. Hart, who appointed counsel from the Defender Association of Philadelphia, Federal Court Division [Doc. # 5]. Defendant was arraigned on September 3, 2002, and Defendant entered a plea of Not Guilty [Doc. # 9]. On September 5, 2002, the Court notified all parties that the case was set for trial on October 4, 2002. On September 19, 2002, Defendant filed an Unopposed Motion for Continuance of Time for Commencement of Trial [Doc. # 12], which this Court granted in a September 20, 2002 Order [Doc. # 13], setting a jury trial for November 22, 2002.

On October 15, 2002 the United States filed a Motion to Admit Tape Recordings [Doc. # 14], to which Defendant Responded on October 24, 2002 [Doc. # 15]. The Court granted the United States' Motion in a October 24, 2002 Order [Doc. # 16].

On November 19, 2002, the Court held a hearing to take Defendant's change of plea. At the hearing counsel for the United States stated the terms of a Plea Agreement reached with Defendant, the factual basis for the plea, and the maximum terms and penalties for the offense. The Court conducted a full guilty plea colloquy with Defendant.[2] Pursuant to the Plea Agreement, the terms of which were accepted and imposed by the Court, Defendant pleaded guilty to Count 1 of the indictment for violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant offered his guilty plea knowingly, voluntari-

ly, and in conformity with the law. *See Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Fed. R.Crim.P. 11. The Court accepted Defendant's guilty plea and ordered the preparation of a presentence report [Doc. # 18]. *See* Fed.R.Crim.P. 32(c) (requiring submission of presentence investigation report). In so doing, the Court entered specific findings on the record:

> I will make findings at this time. One, that you are competent and capable of entering an informed plea to these charges. Two, that your plea of guilty is knowing and voluntary and not the result of any force, or threats, or any promises apart from the plea agreement that has been disclosed on this record and that you have agreed to. Three, that there is an independent factual basis for each of the essential elements of the offenses for the plea of guilty. Four, that you understand the charges, your legal rights and the penalties that you face, Both the mandatory minimum and the maximum possible penalty. Fifth, that you understand that you are waiving your right to a trial, and six, that you understand that under most circumstances, all circumstances you are waiving your right to appeal except for the limited basis stated in your plea memorandum and your guilty plea agreement. This Court will accept your guilty plea, Mr. Pagan.

Transcript of Change of Plea, Nov. 19, 2002, N.T. at p. 35:11 to p. 36:4.

---

**2.** As required, the Court informed Mr. Pagan of his right to contest the charges; right to be represented by counsel at all stages of the proceedings; right to a jury or judge trial; right to a unanimous guilty verdict by a jury of his peers; right not to be compelled to testify nor produce any evidence; right to be cloaked with the presumption of innocence, with the government bearing the burden of proof of guilt beyond a reasonable doubt; and right to contest the charges and to object to admissibility of evidence. The Court also informed Mr. Pagan of the nature and essential elements of the charges; maximum and mandatory minimum penalties he faced; the factual basis for the charges; and the full terms of his Plea Agreement with the government.

The Plea Agreement [Doc. # 19] states that "defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742 ["Review of a Sentence"], 28 U.S.C. § 1291 ["Final decisions of district courts"], 28 U.S.C. § 2255 ["Federal custody; remedies on motion attacking sentence," i.e., Habeas Corpus], or any other provision of law." Plea Agreement at ¶ 9. The Plea Agreement further states that if the United States does not appeal a decision of this Court, Defendant may file a direct appeal. However, in such circumstances Defendant is limited to raising the following claims: (1) Defendant's sentence exceeds the statutory maximum; or (2) the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range. Id. at ¶¶ 9(b)(1)-(2). The Plea Agreement precludes Defendant from raising any other issues on appeal. Defendant signed the Plea Agreement. In an attachment to the Plea Agreement, also signed by Defendant, Defendant acknowledged his rights to a jury trial, and that by pleading guilty he waived his right to appeal, except as set forth in the Plea Agreement. See Acknowledgment of Rights at ¶ 6, attached to Plea Agreement.

United States Probation Officer Eva Marie Gripp served a copy of the presentence investigation report on defense counsel on January 23, 2003. The United States submitted its Sentencing Memorandum to the Court on February 6, 2003 [Doc. # 21]. The United States filed no addendums to the Sentencing Memorandum. Defendant filed no objections to either the presentencing investigation report or to the Sentencing Memorandum.

The penalty for violation of 18 U.S.C. §§ 922(g)(1) and 924(e) is a mandatory minimum sentence of fifteen (15) years to a maximum of life imprisonment, up to five (5) years of supervised release, a fine of not more than $250,000.00, and a special assessment of $100.00. See 18 U.S.C. §§ 924(e), 3583(b)(1), 3013(a)(2)(A). Based on the United States Sentencing Guidelines, and Defendant's status as an Armed Career Criminal, the base level for his offense is thirty-three (33). U.S.S.G. § 4B1.4. Pursuant to the Plea Agreement ¶¶ 8(a)-(b), Defendant was given a 3 level downward adjustment under Guideline §§ 3E1.1(a) and 3E1.1(b). Thus, his adjusted base offense level is thirty (30). Defendant had ten (10) Criminal History Points, placing him in Criminal History Category V. At Category V, offense level 30, the Guideline's sentencing range is 151–188 months. The statutory mandatory minimum of 15 years (180 months) narrows this range to 180–188 months.

At sentencing, a court must satisfy the requirements of Fed.R.Crim.P. 32. This includes verifying that the defendant and his attorney have read and discussed the presentence report; giving the defendant and the government attorney an opportunity to comment on any information excluded from the presentence report under Fed.R.Crim.P. 32(d)(3) on which the court will rely in sentencing; allowing the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; for good cause, permitting a party to make a new objection at any time before sentence is imposed; and permitting the parties to introduce evidence on any objections. See Fed.R.Crim.P. 32(i)(1)-(2).

In making its determinations at the sentencing hearing, the court is permitted to accept any undisputed portion of the presentence report as a finding of fact, and is required to append a copy of the court's determinations to any copy of the presen-

tence report made available to the Bureau of Prisons. *See id.* at 32(i)(3).

Before imposing sentence, the court must provide defendant's attorney an opportunity to speak on the defendant's behalf; address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and provide the government's attorney an equal opportunity to speak. *See id.* at 32(i)(4)(A).

On March 10, 2003, the Court held a sentencing hearing in this case, and satisfied the requirements of Fed.R.Crim.P. 32. It permitted counsel for the United States and Defendant to address the Court. Both parties acknowledged receiving the presentence report prepared by Ms. Gripp, and neither party offered any objections thereto or any motions for a departure from the recommended Guideline range. The Court adopted the facts as presented in the presentence report. The Court conducted a full colloquy with Defendant, explaining the basis for the sentence it intended to impose, and making reference to the information presented in the presentence report.

Consistent with the United States Sentencing Guidelines, and Defendant's status as an Armed Career Criminal, the Court sentenced Defendant to the mandatory minimum term of imprisonment of 180 months, and supervised release for a period of three (3) years. The Court did not depart upward from the otherwise applicable sentencing guideline range. In addition, the Court ordered Defendant to: 1) pay a $100.00 special assessment fee; 2) seek employment while incarcerated; 3) pay a fine of $1,000.00 (interest requirement waived); seek drug and alcohol counseling while incarcerated, and on supervised release; 4) forfeit his property interest in one Calwestco semiautomatic handgun, caliber 22LR, model J–22 Serial number obliterated, and 6 rounds of am-

munition; and 5) to comply with all thirteen Standard Conditions of Supervision during the period of supervised release [Doc. # 23].

The Court notes that no grounds exist for Defendant's appeal. Pursuant to ¶ 9 of the Plea Agreement, Defendant is limited on appeal to claiming that the sentence imposed exceeds the statutory maximum, or that the sentencing judge departed upward from the otherwise applicable sentencing guideline range. For the reasons set forth above, the Court respectfully submits that neither of these grounds exist.